IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                    CAUSE NO.: 1:01-CR-039-DCB-002

VANESSA HALL                                                DEFENDANT

and

BANK OF WIGGINS                                             GARNISHEE


ORDER


    This matter is before the Court on Defendant Vanessa Hall

("Defendant")'s Motion to Dismiss or Quash [ECF No. 66].[1]  Having

reviewed the Motion, the record, applicable law and being

---

[1] The Court notes that Defendant filed a single document titled
"Answer to Writ of Garnishment and Motion to Dismiss or Quash"
[ECF Nos. 65 & 66].  As explained in the clerk's docket
annotation, these should have been filed as separate documents.
See docket annotation dated 4/27/2022, modified on 9/28/2022.
In addition, the governing statute requires the garnishee (i.e.,
Bank of Wiggins), not the defendant, to answer a writ of
garnishment.  28 U.S.C. 3205(c)(4).  The Clerk's Notice to
Vanessa Hall, [ECF No. 64], summarized, in part, the procedure
applicable to the defendant-judgment debtor.  Accordingly, for
the purposes of this Order, the Court will disregard the portion
of Defendant's Motion to Dismiss or Quash that constitutes an
improper answer to the Writ of Garnishment Issued as to Bank of
Wiggins [ECF No. 63] and will focus on the paragraphs that are
titled "Affirmative Defenses."  The Court interprets the
"affirmative defenses" to be Defendant's arguments in support of
her request to dismiss or quash the Writ of Garnishment.

otherwise advised as to the premises, the Court finds and orders
as follows:

BACKGROUND

After the jury returned a verdict of guilty on all fourteen
(14) counts of the indictment, this Court entered judgment
against Defendant on September 30, 2002.  [ECF No. 56].
Defendant was sentenced to twenty-one (21) months imprisonment,
three (3) years supervised release, a special assessment of
$1400, and restitution (jointly and severally with her co-
defendant) in the amount of $108,979.13.  Id.  According to the
government, Defendant rejected in writing the voluntary monthly
payment plan proposed by the government.  [ECF No. 68] at 1-2.
Defendant claimed that the government did not have the authority
to collect on Defendant's debt.  Id.  On April 18, 2022, the
government filed with the Clerk of Court an Application for Writ
of Garnishment on the annuity retirement of Defendant pursuant
to the Mandatory Victims Restitution Act and 28 U.S.C. § 3205.
[ECF No. 62].  The Clerk issued a Writ of Garnishment to the
garnishee, Bank of Wiggins, on the same day.  [ECF No. 63].  In
response, on April 27, 2022, Defendant moved to dismiss or quash
the Writ of Garnishment.  [ECF No. 66].  The Bank of Wiggins
filed its Answer to the Writ of Garnishment on April 29, 2022.
[ECF No. 67].  Defendant filed no objection to Bank of Wiggins's

answer and did not request a hearing as Defendant was entitled
to do under 28 U.S.C. § 3205(c)(5).  The deadline for doing so
has expired.  Id.  The procedure for objecting to the
garnishee's answer and for requesting a hearing was explained in
writing to Defendant in the Clerk's Notice Issued to Vanessa
Hall [ECF No. 64] (the "Notice").  The Notice also provided
Defendant with a noncompulsory form for asserting exemptions and
requesting a hearing, which Defendant chose not to use.  Id. at
5-6.

ANALYSIS

1.  Defendant's Affirmative Defense No. 1.

Defendant first argues that any assets she might have are
exempt from the government's restitution claim because
"Mississippi law gives Mrs. Hall unlimited amount of exemptions
from the claims of the United States government." [ECF No. 66]
at 2.  Defendant's reliance on Mississippi Code Section 85-3-
1(c) is misplaced.  The Clerk's Notice summarized for Defendant
the only exemptions –– all of which are contained in Internal
Revenue Code Section 6334 -- that apply to the enforcement of
judgments for criminal fines and restitution under 18 U.S.C. §
3613.  [ECF No. 64] at 1-2.[2]  "Section 6334 of the Internal

---

[2] The Notice states in pertinent part:

Exemptions may protect the property from being taken by the

3

Revenue Code is the exclusive section that governs exemptions

for federal criminal judgment liens." United States v. Behrens,

No. 8:09CR129, 2015 WL 13101968, at *1 (D. Neb. July 23, 2015),

aff'd, 656 F. App'x 789 (8th Cir. 2016).  As explained by a

federal district court in our Circuit:

> The plain language of [§ 3613(a)] indicates that the
> only exemptions for the criminal debtor owing
> restitution are set out in the referenced provisions
> of 26 U.S.C. § 6334(a) of the Internal Revenue Service
> Code." United States v. Lazorwitz, 411 F.Supp.2d 634,

---

United States if you can show exemptions apply. Below is a
summary of the **only** exemptions that apply to the enforcement of
judgments for criminal fines and restitution under 18 U.S.C. §
3613:

1. Wearing apparel and school books. 26 U.S.C. § 6334(a)(1).
2. Fuel, provisions, furniture, and personal effects that do not
exceed $10,090.00  U.S.C. §6334(a)(2) and (g).
3. Books and tools of a trade, business, or profession that do
not exceed $5,050.00  U.S.C. § 6334(a)(3) and (g).
4. Unemployment benefits. 26 U.S.C. §6334(a)(4).
5. Undelivered mail. 26 U.S.C. §6334(a)(5).
6. Certain annuity and pension payments. –Annuity or pension
payments under the Railroad Retirement Act, benefits under the
Railroad Unemployment Insurance Act, special pension payments
received by a person whose name has been entered on the Army,
Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C.
§ 1562), and annuities based on retired or retainer pay under
Chapter 73 of Title 10 of United States Code. 26 U.S.C.
§6334(a)(6).
7. Workmen's compensation. 26 U.S.C. §6334(a)(7).
8. Judgments for support of minor children, pursuant to a court
judgment entered prior to the date of levy, to contribute to the
support of defendant's minor children. 26 U.S.C. §6334(a)(8).
9. Certain service-connected disability payments. 26 U.S.C.
§6334(a)(10).
10. Assistance under Job Training Partnership Act. 26 U.S.C.
§6334(a)(12).

[ECF No. 64] at 1-2 (emphasis added).

637 (E.D.N.C.2005) (citing <u>United States v. James</u>, 312
F.Supp.2d 802, 805 (E.D.Va.2004) (emphasis added));
<u>see also</u> [<u>United States v. Rice</u>, 196 F.Supp.2d 1196,
1199 (N.D.Okla.2002)]. More specifically at issue
here, the legislative history makes it clear that §
3613(a) was intended to provide a "'federal collection
procedure independent of State laws.'" <u>Id.</u> at 1199
(quoting S. REP. NO. 98-225, at 135 (1983), reprinted
in 1984 U.S.C.C.A.N. 3182, 3318). Consequently, Smith
Barney may not claim state law exemptions, including
the Texas retirement plan exemption, unless such
exemptions from levy are allowed by the Internal
Revenue Code ("IRC").

<u>United States v. Citigroup Glob. Markets, Inc.</u>, 569 F. Supp. 2d
708, 711 (E.D. Tex. 2007); <u>see also</u> <u>Behrens</u>, 2015 WL 13101968,
at *1 (in federal garnishment action, court concluded:  "As a
matter of law, Section 6334 controls this Court's opinion.").

Defendant bears the burden to show the source of the
garnishment is exempted.  <u>United States v. Taylor</u>, 2013 WL
5962057, at *2 (D. Neb. Nov. 6, 2013) (citing 28 U.S.C. §§
3202(d)(1), 3205(c)(5)).  Having made no attempt to demonstrate
an applicable exemption under 26 U.S.C. § 3664, the Court finds
that Defendant has failed to meet her burden.

2.  <u>Defendant's Affirmative Defense No. 2</u>.

Relying on an outdated fact sheet (revised July 2009) from
the Wage and Hour Division of the United States Department of
Labor, Defendant claims that, because she earns less than
$940.50 a month, she cannot be garnished "for anything."  [ECF

No. 66] at 3; see fact sheet at [ECF No. 66-1].  The 2009 fact
sheet and the current version of that fact sheet, which is
available on the US Department of Labor website, both make clear
that the restrictions on which Defendant relies **do not apply** to
garnishments to recover debts due for federal taxes.  Id.; see
also https://www.dol.gov/agencies/whd/fact-sheets/30-cppa# (last
visited 10/5/22).  The statute that governs the enforcement of
Defendant's judgment of restitution, 18 U.S.C. § 3613, states:
"… an order of restitution made pursuant to section[] … 3663A[3] …
of this title, is a lien in favor of the United States on all

---

3 Defendant's multiple convictions for conspiracy to defraud the
United States and bank fraud are subject to mandatory
restitution under 18 U.S.C. § 3663A, which provides in pertinent
part:

**(a)(1)** Notwithstanding any other provision of law, when
sentencing a defendant convicted of an offense described in
subsection (c), the court shall order, in addition to, or in the
case of a misdemeanor, in addition to or in lieu of, any other
penalty authorized by law, that the defendant make restitution
to the victim of the offense or, if the victim is deceased, to
the victim's estate. …

**(c)(1)** This section shall apply in all sentencing proceedings
for convictions of, or plea agreements relating to charges for,
any offense--

**(A)** that is-- …

**(ii)** an offense against property under this title, … including
any offense committed by fraud or deceit; … .

18 U.S.C.A. § 3663A (West).

.

property and rights to property of the person fined as if the liability of the person fined were a liability for tax assessed under the Internal Revenue Code of 1986."  18 U.S.C. § 3613(c). The Fifth Circuit has held that the lien created by a fine or restitution order is treated as a federal tax lien.  United States v. Elashi, 789 F.3d 547, 549 (5th Cir. 2015).  The limitations on garnishment referenced in the U.S Department of Labor fact sheet [ECF No. 66-1] do not apply to federal tax liens, and therefore have no effect on the garnishment for Defendant's unpaid criminal fines and restitution.

3.   Defendant's Affirmative Defense No. 3.

    Defendant next argues that Mississippi Code Section 15-1-47 provides a seven-year statute of limitations on the collection of her debt, which has expired.  This is not the correct statute of limitations on the collection of a criminal monetary debt. The statute of limitations for Defendant's criminal fines and restitution is set forth in 18 U.S.C. § 3613(b), which provides in pertinent part:  "The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.  The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release

from imprisonment of the person ordered to pay restitution."
The government states in its opposition that Defendant was
released from prison in May 2004.  [ECF No. 68] at 9.  The
applicable statute limitations for the collection of this debt
has not expired.

4.  <u>Defendant's Affirmative Defense No. 4</u>.

     Lastly, Defendant requests that the Court order the United
States to cease and desist from its attempts to collect her
debt. [ECF No. 66] at 3.  Defendant claims that "she has served
prison time on that debt, she has paid on it as best as she can,
and all assets or income, if any, that she has, are clearly
exempt property [under Mississippi law], or are barred by the
statute of limitations …." <u>Id.</u> at 3-4.  As discussed above,
Defendant has failed to meet her burden of demonstrating that
her property is exempt from federal garnishment, and the twenty-
year statute of limitations in 18 U.S.C. § 3613(b) has not
expired.  In addition, serving a prison sentence for fourteen
(14) fraud convictions and making incomplete attempts to pay a
criminal fine and mandatory restitution are not legitimate legal
reasons to quash the Writ of Garnishment issued to Bank of
Wiggins in this case.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss or Quash [ECF No. 66] is DENIED.

SO ORDERED, this the 11th day of October 2022.

                                         /s/   David Bramlette
                                         UNITED STATES DISTRICT JUDGE